993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony O. AWOFOLU, Plaintiff-Appellant,
v.
PUBLIC STORAGE MANAGEMENT INC.; Fran Stapher; Harvey
Lenkin, President; Obren B. Gerich, Secretary,
Defendants-Appellees.
 No. 92-55782.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony O. Awofolu appeals pro se the district court's order dismissing his action without prejudice pursuant to Fed.R.Civ.P. 12(b)(1) for an alleged breach of contract by defendant Public Storage. Awofolu contends that the district court erred by finding that it lacked subject matter jurisdiction over his action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's dismissal for lack of subject matter jurisdiction. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 "[D]istrict courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, district courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $50,000 exclusive of interest and costs. 28 U.S.C. § 1332.
 
 
 5
 Here, Awofolu filed an action against Public Storage alleging a breach of contract. Awofolu claimed that he signed a rental agreement with Public Storage, placed his personal belongings worth $7,641.30 in their storage facilities, and discovered that they were stolen. Awofolu sought $87,641.30 in special damages for loss of property and time, and $400,000.00 in general damages for violation of his constitutional and civil rights. Specifically, he alleged violations of Article I, Section 10, the Fourth, Fifth and Fourteenth Amendments, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343. Finding no basis for Awofolu's alleged jurisdictional claims, the district court issued an order to show cause why the action should not be dismissed for lack of subject matter jurisdiction. In response, Awofolu filed an amended complaint which re-alleged some of his previous claims, and alleged a new claim under 15 U.S.C. § 1667, which the district court found inapplicable. The court then dismissed the matter for lack of subject matter jurisdiction. There is no error.
 
 
 6
 Because Awofolu failed to allege any facts invoking a federal question, the district court properly dismissed his action for lack of subject matter jurisdiction. See 28 U.S.C. § 1331.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3